USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

PETER SHOWERS,                              :

    Petitioner,                             :     05 Civ. 179 (WHP) (FM)

                                          :     MEMORANDUM AND ORDER
    -against-
                                          :

GARY GREENE, Superintendent,
Great Meadow Correctional Facility,         :

    Respondent.                             :

------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Peter Showers ("Showers") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and challenges his conviction in New York State Supreme Court, Bronx County. Showers contends that the prosecutor's use of a peremptory challenge to exclude an African-American juror violated his equal protection rights. On April 29, 2008, Magistrate Judge Frank Maas issued a Report and Recommendation (the "Report") recommending denial of the petition. Showers objects to the Report. For the following reasons, this Court adopts the thorough Report and denies the petition.

## BACKGROUND

        On March 17, 2000, a Bronx jury convicted Showers of robbery in the second degree. (Report at 9.) On May 11, 2000, Justice Lawrence H. Bernstein ("Judge Bernstein") sentenced Showers as a second felony offender to a definite term of imprisonment of twelve years. (Report at 9.) On December 19, 2002, the Appellate Division, First Department

unanimously affirmed Showers's conviction and determined that his "application pursuant to Batson v. Kentucky was properly denied." People v. Showers, 300 A.D.2d 151, 151 (N.Y. App. Div. 2002). On October 10, 2003, the New York Court of Appeals denied Showers leave to appeal. People v. Showers, 100 N.Y.2d 645 (2003).

On January 7, 2005, Showers commenced this action by filing a petition for a writ of habeas corpus. This Court referred the action to Magistrate Judge Maas on February 4, 2005. On April 29, 2008, Magistrate Judge Maas issued the Report. The issue presented by this habeas action relates to the exercise of peremptory challenges.

During the course of jury selection, the prosecutor and Showers's defense counsel each made two Batson applications. (Report at 2.) All of them were denied by the trial judge. (Report at 2.) The Report describes the challenges as they unfolded at trial. Judge Bernstein overruled Showers's objection because the prosecutor's stated reasons for striking the jurors were race-neutral. (Tr. at 151-52.)

During the fourth round of jury selection, Judge Bernstein excused prospective juror who was a police officer after he admitted that he might feel pressured by his colleagues to side with the prosecution. (Tr. at 263-65.) During the fifth round, when the prosecutor challenged another African-American, Rhonda Brown ("Brown"), Showers's counsel objected again. (Report at 5.) Asked to explain her challenge, the prosecutor explained that she had heard Brown say "how messed up it was [that police officer] tried to stay on the jury, that's messed up, that's messed up." (Tr. at 266-67.) The court responded by stating "I don't see that as a race neutral reason. It's race neutral but it doesn't make any sense." (Tr. at 266-67.) After the prosecutor elaborated that she challenged Brown because Brown had expressed an opinion about police officers serving, Judge Bernstein allowed the prosecutor's challenge of Brown to stand.

2

(Tr. at 266-67.)

After the fifth round of jury selection, Showers's counsel renewed his objection as to Brown and the other African-American jurors challenged by the prosecution, arguing that the prosecutor's race-neutral justification for each challenge was pretextual. (Report at 7.) Judge Bernstein again denied Showers's motion, re-iterating that "[the prosecutor's] reasons were not pretextu[]al," and that the reasons were race- and class-neutral. (Tr. at 293.)

## DISCUSSION

### I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). A court reviews de novo those parts of a magistrate's report to which objections are made, and the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). An application for a writ of habeas corpus will not be granted with respect to any petitioner's claim adjudicated on the merits unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court has before it." Holland v. Jackson, 542 U.S. 649, 652 (2004).

### II. Peremptory Challenges

#### A. Legal Standard

The Fourteenth Amendment prohibits the use of peremptory challenges to exclude

3

prospective jurors on the basis of race. Batson v. Kentucky, 476 U.S. 79, 96 (1986). To establish a Batson violation, a defendant must first make a prima facie showing of discrimination based on a juror's race; the burden then shifts to the prosecutor to come forward with a race-neutral explanation for the challenges. Batson, 476 U.S. at 97. "The non-moving party's burden at step two is very low . . . ; although a race-neutral reason must be given, it need not be persuasive or even plausible." McKinney v. Artuz, 326 F.3d 87, 98 (2d Cir. 2003) (citing Purkett v. Elem, 514 U.S. 765 (1995)). Finally, the court must determine whether the moving party established by a preponderance of the evidence that the peremptory challenge at issue was based on race. McKinney, 326 F.3d at 98 (2d Cir. 2003) (citing Batson, 476 U.S. at 96, 98).

### B. The Report

The Report concluded that the trial court's "eventual disposition of Showers's claim was not an unreasonable application of Batson." (Report at 16.) The Report further found that the trial court made a sufficient three-step Batson inquiry, and properly and timely denied Showers's Batson challenge. (Report at 21, 23.) The Report also found that the trial court "explicitly stated that the reasons [the prosecutor] had advanced were not pretextu[]al." (Report at 21 (internal quotation marks and citation omitted.))

### C. Objections to the Report

Showers objects to the Report, arguing that the trial court never expressly accepted the prosecutor's race-neutral explanation as credible. (Objection to Report and Recommendation dated May 23, 2008 at 4.) Although the trial court expressed initial skepticism about the prosecutor's reason for her challenge of Brown, the record shows that the trial judge ultimately credited the prosecutor's race-neutral explanation, namely that Brown had expressed a negative view with respect to a police officer serving on the jury. (Report at 16.) Judge

Bernstein expressly ruled that the prosecutor's reasons were race- and class-neutral, and not pretextual. (Tr. at 292-93.) Accordingly, Showers's objection is without merit.

This Court has reviewed the remainder of the Report and finds no plain error on its face.

## CONCLUSION

For the foregoing reasons, this Court adopts the Report and Recommendation of Magistrate Judge Frank Maas. Showers's petition for a writ of habeas corpus is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1951(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of Court is directed to terminate all motions pending as of this date and mark the case closed.

Dated: December 24, 2008
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to:*

The Hon. Frank Maas
United States Magistrate Judge

*Counsel of record:*

Richard M. Greenberg, Esq.
Eunice Lee, Esq.
Office of the Appellate Defender
11 Park Place, Suite 1601
New York, New York 10007
*Counsel for Petitioner*

Christopher J. Blira-Koessler, Esq.
Assistant District Attorney
District Attorney's Office, Bronx County
198 East 161st Street
Bronx, New York 10451
*Counsel for Respondent*